[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF ALIMONY
Pursuant to Connecticut General Statutes 46b-86(a) the plaintiff moves for a modification of the alimony orders entered in this case by the court (Fuller, J.), on April 25, 1990. By the terms of the judgment, the defendant was ordered to pay the sum of $200 per week to the plaintiff as and for periodic alimony until January 1 of 1992. From January 1, 1992 until January 1, 2000, or until the death of either party or remarriage of the plaintiff, whichever first occurs, the defendant was ordered to pay to the plaintiff $100 per week as periodic alimony. The alimony award was CT Page 4131 nonmodifiable as to the term but not as to the amount.
The plaintiff claims a substantial change in circumstances of the parties warranting an increase in the alimony payments to the plaintiff wife. Judge Fuller granted the alimony order after taking full notice of all the circumstances at that time.
The court finds, based upon normal inflationary levels, the defendant has not any appreciable amount of income. The fact that the plaintiff's conditions have changed is not the fault of the defendant and her increase in her style of living should not be calculated in any increase of alimony. However, the increase in her medical insurance amounts to approximately $6.00 per week. The court has searched the record for any substantial change in circumstances. The court cannot find any increase of great importance.
The original order by Judge Fuller in examination of the Judgment File it appears that all future financial burdens were examined thoroughly. The original order was not appealed. At the present time the plaintiff is unemployed. At the time of the divorce the plaintiff was unemployed. At the original divorce hearing, the court in its judgment ordered the dwelling of the parties to be sold or defendant could purchase the plaintiff's share. The defendant did exercise that right and paid the plaintiff approximately $70,000. Further, $11,226 was paid to the plaintiff from the defendant's IRA.
Plaintiff claims she has a shortfall of "almost $200" per month. Based upon increase of medical liability and inflationary costs and the increase of the defendant's income, the court awards the plaintiff an additional $15 per week. The judgment remains nonmodifiable as to term. The court finds that the amount awarded by this court is nonmodifiable.
PHILIP E. MANCINI, JR. STATE TRIAL REFEREE